The record and the briefs in this cause have been examined and we find no criticism with many of the chancellor's findings. We think he should have more clearly distinguished the interest of Clarence F. Dockery from that of Dockery Building Corporation in the subject matter of the litigation. It is also our view that the personal obligations of Clarence F. Dockery, such as support for his wife and children, alimony, attorneys' fees, costs and other expenses should be paid from the assets of Clarence F. Dockery and not from the assets of Dockery Building Corporation.
We are further of the view that the receiver should be required to make the regular accounting specified by the Statute, F.S.A. § 63.74, and that Annabel Dockery should be protected in her rights under the contract with Dockery Building Corporation.
The judgment appealed from is not altogether clear on these points so the cause is reversed with directions accordingly. In other respects the judgment appealed from is affirmed.
ADAMS, C.J., and TERRELL, THOMAS and CHAPMAN, JJ., concur.