WIGGINTON, Judge.
This is an appeal from a final decree entered by the Circuit Court of Duval County» granting appellant’s counterclaim for divorce. The principal error assigned is the Chancellor’s failure to adjudicate that portion of the counterclaim wherein appellant specifically alleged a special equity in certain property accumulated by the parties during their marriage. Both the complaint filed by the husband, and the answer and counterclaim filed by the wife, prayed for divorce and for an equitable division of all real and personal property owned by the parties. In addition to other properties listed in her counterclaim, appellant specifically asserted an equitable interest in a used car sales and finance business purchased and operated by the parties as a partnership for a number of years prior to their separation. In his answer to the counterclaim the husband denied that his wife owned any interest in the partnership business and alleged that she had released and assigned her interests to him in accordance with an agreement reached by them prior to their separation.
At the trial of the cause the husband acknowledged that the foregoing release agreement was without consideration, and was made on his representation to the wife that she would continue to own one-half of “everything” he had. The testimony of accountants who were called as witnesses indicate the value-of the business assets to be approximately $75,000.
*429 By his- decree, the Chancellor granted a divorce to the wife, awarded her custody of and support for the minor children, and alimony. The decree also provided for an equitable division of certain properties, title to which was held by the entireties, but is entirely silent as to the wife’s alleged interest in the used car sales and finance business. The Chancellor made no findings or adjudication as to whether the wife did or did not have any interest in this business, nor the extent of such interest, if, indeed, there was any.
It is the settled law of this jurisdiction that when a wife has made a material contribution to the husband’s acquisition of property during coverture, she acquires a special equity in the property so accumulated, which equity entitles her, upon divorce, to an award in satisfaction thereof.[1] Further, there is a distinction between such a special equity and the wife’s entitlement to alimony.[2] An award of alimony will not suffice as a substitute for a wife’s special equity in her husband’s property,[3] nor will her failure to qualify for alimony bar her from recovering any special interest to which she may be entitled.[4]
We are of the view that the Chancellor should have adjudicated the issue as to whether the wife had acquired a special equity in the business property of her husband, and if so, the extent thereof. Had the Chancellor found such an equity to exist, the decree should have provided for an award to the wife of the value of her interest, to be paid in such manner as the Chancellor may direct. The decree appealed from is not clear as to the wife’s alleged equity, and for that reason the cause is reversed with directions accordingly.[5] In all other respects the decree appealed from is affirmed.
STURGIS, C. J., and L. L. FABISIN-SKI, A. J., concur.

. 10 Fla.Jur., Divorce, § 209, Carlton v. Carlton, 78 Fla. 252, 83 So. 87; Foreman v. Foreman, Fla.1949, 40 So.2d 560.

. 10 Fla.Jur., Divorce, § 210, Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537; Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6.

. 10 Fla.Jur., Divorce, § 210.

. Heath v. Heath, supra, note 2; Foreman v. Foreman, supra, note 1.

. Dockery v. Dockery, Fla.1949, 43 So.2d 460; Howell v. Howell, Fla., 100 So.2d 170.