JOHNSON, Judge.
This is an appeal from a final judgment entered by the circuit court of Marion County, Florida against the plaintiffs-appellants on an action brought for breach of warranty contained in a warranty deed conveying certain lands to the plaintiffs below, appellants herein.
After complaint and answer, the parties stipulated as to the facts for the lower court to rely upon in making its decision, which included, inter alia, a provision for the trial court to examine the original files in a quiet title suit brought by the defendants appellees’ predecessor in title back in 1952, wherein a final decree was entered quieting title to the lands involved here, with other lands, in George C. Partin and Jean Francis Partin, his wife, who were predecessors in the defendants’ title.
The plaintiffs contended that it was belatedly discovered that there was an outstanding mineral right in one Mary O. Armstrong which constituted the breach of covenant of warranty complained of and that said mineral right vested in the said Mary O. Armstrong May 1, 1935, and was still outstanding and valid.
The defendants contend, inter alia, that the quiet title suit brought by George C. Partin and wife in 1952, effectively disposed of any rights in the said Mary O. Armstrong and her heirs and assigns, inasmuch as the said Mary O. Armstrong was made a party defendant to said suit. No question has been raised by the appellants as to lack of jurisdiction in the quiet title suit and the trial court, upon examination of said original files of the 1952 suit, found and ruled that the final decree entered in the quiet title suit on November 13, 1952, “was not void on its face or by the record and that its validity cannot be attacked collaterally.” We agree with this finding of the trial court. The court has jurisdiction of the parties, including the said Mary O. Armstrong, when it quieted title to said lands in 1952, acquired by constructive service. The defendants so served were put on notice that any interest they or either of them had in said lands adverse to the plaintiffs in that cause would be cancelled by the court in the absence of showing of why it should not be so done. Since a decree pro con-fesso was entered against the defendant *762 Armstrong and subsequently a final decree, she and her successors in title are now barred of any further interest in said land.
A judgment rendered by a court of general jurisdiction where the parties were before the court is not void but at most is voidable.[1] The presumption prevails in favor of the jurisdiction of a court to render a judgment where there is an express[1] finding in the record in regard to the presence of such jurisdiction. In the quiet title suit, referred to and which we think is the determinative factor in this case, the court expressly determined that it had jurisdiction of the subject matter and the named defendants and also alleged jurisdictional facts to support the same.
The Florida Supreme Court has repeatedly held that unless moved against directly in time, a voidable adjudication becomes an absolute verity.[2] Also, in answer to question raised by appellant that the severance of the mineral rights precluded adverse possession from running in favor of the plaintiffs in the quiet title suit, we think the law well settled that where a court has jurisdiction it has the right to decide every question which occurs in the cause.[3]
We agree with the trial court that the quiet title suit effectively barred any right of Mary O. Armstrong and her heirs or successors in title, and therefore there was not a breach of warranty as contended by appellants. Therefore, the order appealed is affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Ryan’s Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483 (Fla. 1935).

. Malone v. Meres, 91 Fla. 709, 109 So. 677 (Fla.1926).

.Ibid.