PER CURIAM.
This is is an appeal by a husband (defendant below) from a decree for alimony unconnected with divorce. Initially the plaintiff wife filed suit for divorce on the ground of extreme cruelty. The defendant answered and counterclaimed for divorce, charging extreme cruelty. Subsequently plaintiff amended her prayer from one seeking divorce to one for alimony unconnected with divorce (based on the charge of extreme cruelty) under § 65.09 (now § 61.09) Fla.Stat., F.S.A.
During the pendency of the suit the parties entered into a separation agreement, which provided, among other things, for $280 per month alimony and $70 per month for support of the minor child of the parties, with the wife to have custody of the child subject to visitation rights of the husband. Also the agreement set up a trust for the child’s education. By an amended agreement the monthly payments were revised to $250 alimony and $100 child support.
The trial court denied the husband’s counterclaim for divorce, and granted the wife’s prayer for alimony unconnected with divorce. The court held the agreements were invalid, and unenforceable against the wife, on finding the husband had not made proper disclosure of his assets and that in view of his financial status the alimony and child support payments provided for in the agreements were inequitable and inadequate. The decree, and an amendment thereto, directed the husband to pay to the wife $400 per month alimony and $200 per month child support, plus their medical and dental expenses.
The several contentions presented by the appellant have been considered in the light of the record and briefs and are found to be without merit. The findings of the trial judge relating to the agreements are supported by the evidence, and his consequent rejection of the separation agreements based on those findings was proper under Del Vecchio v. Del Vecchio, Fla. 1962, 143 So.2d 17. No error was committed by the trial court in permitting the plaintiff to amend to seek alimony without *652 divorce rather than a divorce. The cause of action (extreme cruelty) and the proofs required to establish either of those forms of relief were the same. The matter of allowances of alimony and child support was within the sound judicial discretion of the trial court, and on the record presented it has not been demonstrated that the allowances as made represented an abuse of discretion.
Affirmed.