226 So.2d 699 (1969)
Velma Jean HENDERSON, Appellant,
v.
Ross Barnett HENDERSON, Appellee.
No. 1615.
District Court of Appeal of Florida. Fourth District.
September 26, 1969.
*700 Walter M. Dingwall of Crawford & Dingwall, Fort Lauderdale, for appellant.
Peter A. Portley and S. Robert Zimmerman, Pompano Beach, for appellee.
WALDEN, Judge.
The wife was awarded a divorce. She appeals from certain portions of the final judgment.
She attacks as insufficient the amount of the award of attorney's fees, child support and alimony. She is further aggrieved as to the kind of child visitation rights accorded to the husband. We have examined and assessed the record and find the trial court's decisions in these connections to be in satisfactory accord with the evidence and within the limits of that court's discretion. It was argued that the financial awards should have been larger because "defendant's business is becoming healthier and healthier each year * *." When this change is manifest or when there have been other substantial changes in the husband's ability to pay or in the wife's needs, then she, of course, may reapply and obtain a new adjudication in the light of these changes, at least with reference to support and alimony. However, the trial court was quite correct in bottoming the awards on present circumstances. Chastain v. Chastain, Fla. 1954, 73 So.2d 66.
As to child visitation we agree that a midweek overnight visitation is unusual and not to be preferred. However, the trial court is allowed a wide latitude and discretion in this area and we are unconvinced that this discretion has been abused and reversible error demonstrated. Ritsi v. Ritsi, Fla.App. 1964, 160 So.2d 159. Likewise, we are helped by the comfortable knowledge that the wife may ask for modification if the visitation program does in fact operate to the detriment of the children.
Finally, the wife is aggrieved at the court's failure to adjudicate and determine her claim to a special interest or equity in certain business and property rights. While the final decree recognizes *701 that certain property is owned as tenants by the entirety, it is silent and reflects no decision as to the matter of the wife's special equities. The husband tacitly recognizes this omission, as indeed he must, and simply asserts that the evidence as to certain assets was insufficient to support an award and as to other property suggests that, because of certain events which have happened subsequent to trial (which are not of record), her claim is moot. We say without difficulty that the law of this state requires a decision as to this issue, because a final judgment settles all of the property rights of the parties and bars any future action brought by either party to determine his or her respective property rights. Dockery v. Dockery, Fla. 1949, 43 So.2d 460; Shannon v. Shannon, Fla.App. 1958, 101 So.2d 428.
The final judgment is reversed with directions to enter judgment in favor of the wife as to such special interests and equities as she may be entitled, if any, under the evidence. In all other respects the final judgment appealed from is affirmed.
Affirmed, in part; reversed, in part.
McCAIN and OWEN, JJ., concur.