256 So.2d 390 (1972)
Robert ROBINSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-649.
District Court of Appeal of Florida, Third District.
January 11, 1972.
Phillip A. Hubbart, Public Defender, and Alan S. Becker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PEARSON, Judge.
This appeal is from a judgment finding the appellant guilty of robbery and a sentence to the state prison for five years to be followed by ten years "probation." The appellant has presented three points: (1) It was error to deny appellant's objections to the testimony of one of the police officers; (2) It was error to deny appellant's motion to exclude the identification testimony because the identification was tainted by suggestive pre-trial procedures; (3) The sentence is illegal.
The first two points are without merit on this record and do not warrant further *391 discussion. Appellant's point directed to the legality of the sentence is well taken and requires us to vacate the sentence in part.
Florida Statutes, Chap. 948, F.S.A., provides that a sentence may include a period of probation under expressed circumstances. The Florida Rules of Criminal Procedure 3.790, 33 F.S.A., augments but does not supersede the statute.[1] The statute 948.01 provides in part as follows:
* * * * * *
"(3) If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt and in either case stay and withhold the imposition of sentence upon such defendant, and shall place him upon probation under the supervision and control of the commission for the duration of such probation. And the said commission shall thereupon and thereafter, during the continuance of such probation, have the supervision and control of the defendant.
"(4) Whenever punishment by imprisonment in the county jail is prescribed, the court, in its discretion, may at the time of sentencing direct the defendant to be placed upon probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation after serving such period as may be imposed by the court."
* * * * * *
The statute does not authorize a sentence to the state prison to be followed by a period of probation. Florida Rules of Criminal Procedure 3.790(b) also states:
* * * * * *
"(b) Suspension of the Pronouncement and Imposition of Sentence; Probation. Pronouncement and imposition of sentence of imprisonment shall not be made on a defendant who is to be placed on probation regardless of whether the defendant has or has not been adjudicated guilty, except that if a sentence of imprisonment in the county jail is imposed at the time of sentencing the court may direct that defendant be placed on probation on completion of any specified period of the sentence."
* * * * * *
This fact is in keeping with the nature and purpose of probation which is to rehabilitate the convicted person without exposure to the sometimes unfortunate results of prison confinement. Roy v. State, Fla. App. 1967, 207 So.2d 52.
The sentence to five years in the state prison is a lawful sentence. As such it is not subject to review in this court. That portion of the sentence which provides for probation after the prison term is illegal and must be vacated. Therefore the judgment is affirmed; the sentence to five years in the state prison is affirmed and that portion of the sentence providing for ten years probation after the term in prison is vacated.
Judgment affirmed; sentence amended and as amended is affirmed.
NOTES
[1] Florida Rules of Criminal Procedure, Continuing Legal Education, The Florida Bar, Tracy Dansee (1968 Rev.) p. 6.12, contains the following comment:

"Fla.CrPR 3.790 governs only the procedural aspects of probation. The power to place a defendant on probation is a matter of substantive law and in the absence of statutory authority, a court does not possess that power. 5 Wharton, Criminal Law and Procedure § 2192 (1957). Therefore, Fla.CrPR 3.790 is an adaptation of those portions of F.S. 948.01(1), (2) and (3) that pertain to the procedural ramifications of probation."