SPECTOR, Chief Judge.
Appellant was convicted of robbery and now seeks reversal of his conviction and sentence of twenty-five years to run consecutively to a sentence being served in the federal penitentiary. The primary contentions raised on appeal are that the trial court erred in failing to grant a continuance of the trial because of news stories published shortly before trial was to commence; and, secondly, appellant contends the prosecutor’s closing argument to the jury was so inflammatory as to prejudice the jury against the defendant.
We have carefully reviewed the issues raised by appellant in light of the record and after careful consideration of the briefs submitted by respective counsel, it is our view that no reversible error has been demonstrated. The law is well settled that the matter of a continuance lies within the discretion of the trial judge, and his ruling denying a continuance will not be disturbed unless it has been shown that the court abused its discretion. Robinson v. State, 256 So.2d 390 (Fla.App.1972). No abuse of discretion in this regard is reflected on this record. Appellant’s reliance on Oliver v. State, 250 So.2d 888 (Fla.1971), is misplaced. In Oliver, the text of a confession given by the defendant was published in the local newspaper. That did not occur in the instant case. In Oliver, there was virtually no evidence of guilt adduced against the defendant other than the confession which was given wide publicity in the press. In Oliver, the absence of other evidence of guilt enhanced the criti-cality of the role the confession played in obtaining the conviction. No analogous circumstances appear here.
The contention centering on the prosecutor's argument is likewise unavailing. A defendant in a criminal trial cannot be heard to complain that the prosecutor’s argument was inflammatory when the argument constitutes a fair comment on the facts which may be inferred from the *527 evidence. In such cases, it is the facts — of which the defendant was the architect— that inflame the jury, not the argument. No error has been shown in this regard. Spencer v. State, 133 So.2d 729 (Fla.1961).
WIGGINTON and CARROLL, DONALD, K., JJ., concur.