283 So.2d 878 (1973)
Joyce RIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. S-92.
District Court of Appeal of Florida, First District.
October 18, 1973.
*879 Richard W. Ervin, III, Public Defender, and Robert C. Parker, Jr., Sp. Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
This is an appeal from a judgment of conviction, after a guilty verdict by a jury for second degree murder, and sentence of fifteen years.
The appellant raises three points on appeal wherein she claims the trial court committed error.
The first point is that the court erred in denying appellant's motion for continuance, which was filed on September 8, 1972, based on the ground that appellant had not had access to or discovery of all of the State's evidence and appellant's present attorney had not had an opportunity to interview the State's witnesses. Other grounds were included in the motion such as the fact that said attorney was so busy in other criminal cases that he was not prepared. This motion was filed about six days before the trial date.
The trial court evaluated this motion, along with motion for a psychiatrist and psychiatric examination, and a motion to dismiss, and in his discretion, denied the same. The court did, however, grant the appellant's motion for statement of particulars and discovery of State's evidence, and names of the witnesses. This last mentioned order was entered on September 13, and the trial was set for September 14, 1972. No further complaint was made by the appellant before trial as to the lateness of the order granting discovery or failure to interview the State's witnesses. We think that the appellant should have objected at the time of trial if he had not had time to take advantage of the order of court granting discovery and names of State's witnesses if he felt that *880 he was for this reason unprepared for trial. Without such objection, other than the motion filed some six days before trial and five days before the order granting discovery was entered, the appellant waived the contention contained in his first point on appeal. Further than that, the continuance was in the sound discretion of the trial court and from the total circumstances, we find no abuse of discretion by the trial court.[1]
The next point on appeal was that the trial court erred in not granting a continuance for one day to allow for an alleged material witness for the defendant to arrive. It appears that the witness in question had agreed to come from Kansas to Ocala to testify. She was supposed to pick up her witness subpoena from the Sheriff's Office in Ocala when she arrived, but it was alleged that bad bus connections had delayed the witness's arrival. There was no affidavit or other proof of the witness actually coming to Ocala or of whether her testimony would be material or merely cumulative or in support of others' testimony. It appears that if the appellant had needed the witness so badly she would not have cut the time so short for her trip from Kansas. No motion for a new trial or other post-conviction motions were made, so as to afford any record of whether this witness actually did arrive in Ocala on the night she was supposed to. Again, the trial court, in his sound discretion and after listening to the testimony submitted by both parties up to that point, did not abuse his discretion in refusing the continuance.
The other point on appeal is without merit.
Although the trial court may have rushed the case too fast for the appellant's attorney, when all the facts and the evidence are reviewed, as shown from the record, we do not find any prejudice to the defendant's trial.
Therefore, the judgment and sentence are hereby affirmed.
RAWLS, C.J., and SPECTOR, J., concur.
NOTES
[1] Harrelson v. State, 259 So.2d 526 (Fla.App. 1st, 1972).