QUESTIONS: 1. May the municipal court of the Town of LauderdaleBy-The-Sea rule on the constitutionality of a municipal penal ordinance? 2. Are municipal traffic ordinances enacted prior to the effective date of Ch. 316, F.S., valid subsequent to that date, if such ordinances are proper subjects for municipal traffic regulations?
SUMMARY: The municipal court of the Town of Lauderdale-By-The-Sea has the power to rule on the constitutionality of a municipal penal ordinance when such constitutional question is properly raised in a proper proceeding of a criminal nature before that court. Municipal traffic ordinances enacted prior to the effective date of Ch. 316, F.S., may continue to be enforced by the municipality subsequent to effective date thereof, provided the activity regulated by such ordinance is a proper subject of municipal traffic regulation pursuant to s. 316.008. AS TO QUESTION 1: Article V, s. 1, State Const., provides in pertinent part as follows: The judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality. . . . Article V, s. 20(d)(4), id., the "Schedule" provision of Revised Art. V, establishes an exception to the mandate of s. 1, stating that Municipal courts shall continue with their same jurisdiction until amended or terminated in a manner prescribed by special or general law or ordinance or until January 3, 1977, whichever comes first. . . . (Emphasis supplied.) Therefore, in order to determine whether a municipal court has the power to rule on the constitutionality of a municipal penal ordinance, it is necessary to examine the jurisdiction of the particular municipal court in question. See Farragut v. City of Tampa, 22 So.2d 645 (Fla. 1945), holding that courts of limited or inferior jurisdiction (including municipal courts) are confined within the limits of the power granted and that no power will be regarded as granted by implication other than those necessary for the full exercise of the powers expressly granted. [See] 21 C.J.S. Courts s. 244, p. 446. Part VI, Ch. 27675, 1951, Laws of Florida, authorizes the establishment of a municipal court in the Town of Lauderdale-By-The- Sea. Section 2 of Article 2 of Part VI enumerates the powers of such court, which include "exclusive original jurisdiction over all proceedings of a criminal nature for the violation of any ordinance of the Town." In addition, the municipal court has "all powers incidental and usual to the due enforcement of the Town ordinances." These express grants of power must be viewed against the rule, stated above, that courts have such incidental powers as are necessary for the full exercise of express powers; the rule that courts have inherent power to do all things reasonably necessary for administration of justice within the scope of their jurisdiction, Keen v. State, 103 So. 399 (Fla. 1925); and the rule that where a court has jurisdiction, it has a right to decide every question which occurs in the cause, Schoenrock v. Ballard, 185 So.2d 760 (1966). When so viewed, I am of the opinion that, when a question of the constitutionality of a municipal penal ordinance is properly raised in an appropriate proceeding of a criminal nature before the municipal court of the Town of Lauderdale-By-The-Sea, that court may rule on the question. The power to make such rulings is necessary for the full exercise of the court's power to hear and decide cases involving violations of municipal penal ordinances. AS TO QUESTION 2: Chapter 316, F.S., enacts uniform traffic laws to apply throughout the state. These uniform laws supplant county and municipal traffic ordinances, except with respect to the limited types of municipal traffic regulations enumerated in s. 316.008. According to the legislative intent expressed in s. 316.002, these limited areas of exception are supplemental to the provisions of Ch. 316; and, under the express terms of the law, it is "unlawful for any local authority to pass or attempt to enforce any ordinance in conflict with the provisions of this chapter." (Emphasis supplied.) Section 316.002. The above language appears to contemplate that municipal traffic ordinances enacted prior to the effective date of Ch. 316, id. (January 1, 1972), may continue to be enforced by the municipality subsequent to the effective date thereof, provided the activity regulated by such ordinance is a proper subject of municipal traffic regulation pursuant to s.316.008.