313 So.2d 458 (1975)
John L. ROUSE, Appellant,
v.
Gwendoline B. ROUSE, Appellee.
Nos. 75-1156, 75-1758.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Rehearing Denied June 18, 1975.
*459 Edward C. Vining, Jr. and R.M. MacArthur, Miami, for appellant.
Shutts & Bowen and Phillip G. Newcomm, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
In the final judgment dissolving the marriage between appellant and appellee, the trial court granted custody of their 12-year old son to the mother with visitation privileges to the father. Appellant was ordered to pay to the wife as permanent alimony the sum of $400 per month until she dies or remarries and the husband's alimony obligations shall survive his death. In the event he predeceases the wife or dies before she remarries, the continuing alimony obligations shall constitute a first charge and lien against the husband's South Miami residential property:
"Palm Miami Heights, Rev. Plat Book 43, Page 37, Tract 5A, situated in South Miami, Dade County, Florida."
The judgment further provided that the husband shall pay the wife the sum of $200 per month child support for their son, John, until he reaches 21-years of age and that the obligation to support the child shall survive the husband's death; that it shall be a first charge and lien against the husband's South Miami residential property to secure to the wife and son the alimony and child support. The husband was permanently enjoined and restrained from selling, transferring, giving, assigning, pledging, encumbering or otherwise disposing of said property.
The husband appealed those portions of the final judgment relating to alimony, child support and the restraint upon the sale of his South Miami property.
While this plenary appeal was pending the wife applied to the trial court for an extraordinary award of money from the husband to pay for special education being provided for their son at Summit Academy. The court found that it was in the best interest of the boy that he be provided the special education and ordered that the *460 husband "is responsible for and shall pay any and all sums due Summit Academy on account of the total education expense incurred on John L's behalf at the school."
The husband urges reversal of this order by way of an interlocutory appeal. The plenary and interlocutory appeals have been consolidated for all appellate purposes.
First, we hold that the ex-husband's contentions that it was error to extend alimony and child support beyond the death of the appellant and to secure the same by imposing a lien on his South Miami property do not present reversible error.
The Florida Supreme Court has held that the Florida no-fault divorce law now permits the trial court in certain circumstances to provide for alimony payments from the estate of a former husband even in the absence of an express agreement. First National Bank of St. Petersburg v. Ford, Fla. 1973, 283 So.2d 342; Fla. Stat. § 61.08(2), F.S.A.
The court stated that in many instances a former wife may rely on alimony payments as her only means for support, and suddenly cutting off such payments because of the former husband's death  where the wife may be in ill health or too old to resume employment  would often produce harsh and inequitable consequences.
We think the circumstances of this case, including the age of the parties (the husband is 66; the wife is 53) and the fact that the wife recently underwent serious surgery for cancer, justifies extending alimony payments beyond the appellant's death and securing the same.
For similar equitable reasons, we think it was appropriate to secure the child support payments to the son, John, for nine more years, even if the husband should die in the intervening time period. See, Finn v. Finn, Fla. 1975, 312 So.2d 726, (opinion filed March 26, 1975).
Next, the husband argues that it was error to enjoin him from disposing or encumbering his South Miami property. Our review of the record in this case does not persuade us that the trial court committed an abuse of discretion by enjoining the appellant. See, Fla. Stat. § 61.11, F.S.A. Further, we note that the court provided that the injunction runs "until further order of court," and the trial court may reconsider this matter if the husband later demonstrates that some disposition of the property is needed in order to meet the requirements of the court's decree.
As his fourth point under his full appeal, the appellant generally attacks the final judgment, arguing that the court's rulings were unsupported by the record and were the product of passion and prejudice. We find this point devoid of merit.
The trial judge was not unfamiliar with the history of this case. See, Rouse v. Rouse, Fla.App. 1966, 192 So.2d 77; Rouse v. Rouse, Fla.App. 1968, 212 So.2d 650.
It is our impression that the trial court was in a better position to formulate the several judgments which he made about the parties including the financial needs of the appellee, the appellant's ability to pay, and the credibility of the respective parties. On the record before us, we decline to substitute our judgment for the trial court's.
Under the points raised by the appellant in his interlocutory appeal, we find no error. First, we do not agree that the court's order was a modification of the original final judgment as contended by the appellant. The court simply denied without prejudice in the final judgment the appellee's claim for educational expenses for the minor son based on the record before him.
Shortly thereafter, the court heard further testimony and resolved that the educational training was needed, and the appellant should pay for it. See, Finn v. Finn, supra.
*461 However, from our examination of the record and the court's order, we think that the order entered was too broad in that the appellant is required to pay for his son's education indefinitely.
Therefore, this second order is modified to provide that the trial court reconsider the need for further payments for the child's special education after one year has expired from the date of entry of the order. The court may wish at the time to also reconsider the propriety of disposition of the South Miami property or otherwise lifting of the injunction, in order to fulfill any obligations of the appellant under the final judgment or the supplementary order.
Accordingly, the judgment and order appealed are affirmed as modified.