PER CURIAM.
In this dissolution of marriage proceedings the appellant, as petitioner, sought a special equity in certain funds received by the appellee from the sale of a business in which the evidence indicates she worked on occasion. The husband filed a counter-petition, urging a special equity in the residence of the parties and sought permanent alimony-
Upon entering a final judgment of dissolution of marriage, the trial judge did not award alimony to the husband; did not make any ruling on the issue of special equity as presented by either party;[1] but did include the following provision in the final judgment:
* * * * * *
“3. That the Husband deposits the sum of $20,000.00 in a savings and loan association special account in Dade County, Florida, without the right of withdrawal, hypothecation or pledge on the part of the Husband, but solely for the purpose of paying to the Husband the income earned thereon until further order from the Court. If the husband predeceases the wife said sum shall become the sole property of the wife. If she predeceases him sole ownership shall be in him without reservation. * * * ”
******
This appeal ensued, the appellant contending that the trial judge should have made a specific ruling as to whether or not the wife was entitled to a special equity in this fund, which represented a portion of the proceeds from the sale of the husband’s business, citing Henderson v. Henderson, 226 So.2d 699 (4th D.C.A.1969), wherein the following is found:
******
“Finally, the wife is aggrieved at the court’s failure to adjudicate and determine her claim to a special interest or equity in certain business and property rights. While the decree recognizes that certain property is owned as tenants by the entirety, it is silent and reflects no decision as to the matter of the wife’s special equities. The husband tacitly recognizes this omission, as indeed he must, and simply asserts that the evidence as to certain assets was insufficient to support an award and as to other property suggests that, because of certain events which have happened subsequent to trial (which are not of record), her claims is moot. We say without difficulty that the law of this state requires a decision as to this issue, becausé a final judgment settles all of the property rights of the parties and bars any future action brought by either party to determine his or her respective property rights. Dockery v. Dockery, Fla.1949, 43 So.2d 460; Shannon v. Shannon, Fla.App.1958, 101 So.2d 428. “The final judgment is reversed with directions to enter judgment in favor of the wife as to such special interests and equities as she may be entitled, if any, under the evidence. In all other respects the final judgment appealed from is affirmed.” [emphasis added]
******
The appellee contends the final judgment of dissolution of marriage should be affirmed upon the authority of Rouse v. Rouse, 313 So.2d 458 (3rd D.C.A.1975). We disagree. In Rouse v. Rouse, supra, the trial court awarded alimony and then secured it by certain property in the event of the husband’s death. No award of alimony was, in fact, made in the instant case.
Therefore, we agree with the appellant and remand the matter to the trial court [either upon the record already made or after taking further evidence in his discretion] to award the wife a special equity in this fund or deny any such award, and to *249 take up any other matters relative to permanent alimony for either of the parties after he makes a determination as to whether or not the wife has a special equity in and to this fund.
Reversed and remanded, with directions.

. No appeal or cross-assignments of error were filed by the appellee.