404 So.2d 413 (1981)
Jane Irby CRAIG, Appellant/Cross-Appellee,
v.
James B. CRAIG, Jr., Appellee/Cross-Appellant.
No. 80-1415.
District Court of Appeal of Florida, Fourth District.
October 7, 1981.
*414 Edna L. Caruso, West Palm Beach and Frederick H. Hope, Palm Beach, for appellant/cross-appellee.
James P. O'Flarity, Law Offices of James P. O'Flarity, P.A., Palm Beach, for appellee/cross-appellant.
BERANEK, Judge.
The former husband and wife both appeal a final judgment of dissolution of marriage. The marriage was an unfortunate and stormy one. At the time of the final hearing, the major controversy centered on division of the proceeds of a settlement of a prior lawsuit brought by both the husband and wife as plaintiffs. The prior suit was for the husband's personal injuries and the wife's loss of consortium. The case was settled for a certain lump sum and the undivided proceeds placed in joint names and held in escrow pending a division by the judge considering the dissolution.
After a final hearing, the court entered a judgment dissolving the marriage and denying all claims for special equities, alimony, costs, and attorneys' fees. The court refused to rule on division of the settlement proceeds.
On appeal, both parties complain of this lack of a ruling. The wife asserts there was no competent evidence offered on which to base a division, and urges the only possible result was to leave the parties where they stood as joint owners of the fund, each with a 50% interest. She also contends the trial court erred in denying her claims against the husband's 50% interest by way of lump sum alimony or special equity. The husband asserts that he deserves the entire settlement because he was the injured party and because the wife's consortium claim was worthless. The husband also contends he was erroneously denied costs and attorney's fees.
We affirm the trial court's denial of alimony, costs, and attorney's fees. However, we see no alternative other than to remand for a ruling on division of the fund, which is actually the only asset in controversy between the parties. In a dissolution action, when the question of property rights is raised, the court must determine the issue since its final judgment of dissolution settles all property rights of the parties and bars further action to determine such rights. Pitman v. Pitman, 338 So.2d 247 (Fla.3d DCA 1976); Henderson v. Henderson, 226 So.2d 699 (Fla. 4th DCA 1969). The judicial power is not delegable and cannot be abdicated. See Schoenrock v. Ballard, 185 So.2d 760 (Fla. 1st DCA 1966). This is not a situation where a trial court has reserved jurisdiction to determine property rights after entry of a judgment of dissolution. Here, the court specifically chose not to reach any conclusion as to the division of the fund based on either the evidence or the lack thereof.
We conclude that the court erred in failing to make a ruling regarding division of the fund and remand the matter for further proceedings in this regard.
REMANDED FOR FURTHER PROCEEDINGS.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., Retired, Associate Judge, concur.