634 So.2d 798 (1994)
Dan KEATON, Appellant,
v.
Yvonne KEATON, Appellee.
No. 92-2794.
District Court of Appeal of Florida, Fourth District.
April 6, 1994.
Charles W. Musgrove, West Palm Beach, for appellant.
Cynthia L. Cox, Vero Beach, for appellee.
RAMIREZ, JUAN, Jr., Associate Judge.
Appellant, Dan Keaton, appeals a final judgment of dissolution of marriage. We affirm in part and reverse in part.
Appellant asserts that the trial court erred in dividing the marital/nonmarital assets and liabilities. After a final hearing in which the parties were contesting what constituted marital property and what did not, the trial court ordered the wife to make two lists of all the property she considered that the parties had (presumably as marital property) and present them to the husband. The husband would then choose one of the lists which would constitute his share of the personal marital assets.
In Craig v. Craig, 404 So.2d 413, 414 (Fla. 4th DCA 1981), this court ruled that the trial court must determine the issue of property rights since its final judgment settles all property rights and bars any further action. "The judicial power is not delegable and cannot be abdicated." Id. By allowing the wife to produce the two lists, the court erroneously delegated its duty of resolving which personal property was deemed to be marital assets and available for distribution and which was nonmarital and not available for distribution.
Section 61.075(3), Florida Statutes (1991), provides as follows:
(3) In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings. .. . The *799 distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following:
(a) Clear identification of nonmarital assets and ownership interests;
(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
(c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
(d) Any other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities.
Without specific findings as to the value of marital assets, meaningful appellate review is impossible. Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991). Failure to follow that statutory language is reversible error. Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993).
Appellant next argues that the trial court erred in refusing to grant his motion for continuance after he had fired his fourth attorney shortly before trial. A continuance lies within the trial court's discretion and a ruling denying a continuance will not be disturbed unless an abuse of discretion is shown. Harrelson v. State, 259 So.2d 526 (Fla. 1st DCA 1972). We find no abuse of discretion in the record before us.
Appellant also argues that the trial court erred in granting the wife primary physical custody of their child. The court cannot substitute its opinion for that of the trier of fact. Lane v. Lane, 599 So.2d 218 (Fla. 4th DCA 1992). Custody and visitation cannot be simply determined by a reading of dispassionate words on a page. Id. at 219. We believe that sufficient evidence was introduced that would support the trial court's findings.
Appellant finally contends that the trial court erred in imposing excessive financial requirements by awarding the wife attorney's fees. The purpose of awarding attorney's fees is to "insure that both parties will have reasonably the same ability to secure competent legal counsel." Cummings v. Cummings, 330 So.2d 134, 136 (Fla. 1976) (quoting Mertz v. Mertz, 287 So.2d 691, 693 (Fla. 2d DCA 1973)); Mettler v. Mettler, 569 So.2d 496 (Fla. 4th DCA 1990). When the court places the wife in a financial position equal to her husband, she is not entitled to an award of attorney's fees. Avery v. Avery, 548 So.2d 865, 866 (Fla. 4th DCA 1989). That is the situation here. We see nothing in the record to indicate that the husband is in a better financial position than the wife. We therefore reverse the order awarding attorney's fees to the wife.
We reverse as to the award of attorney's fees and as to the distribution of personal property and liabilities and remand to the trial court specifically to identify and distribute the marital assets and liabilities. We affirm the trial court's decision as to all other issues.
AFFIRMED in part; REVERSED in part and REMANDED.
GUNTHER, J., concurs.
STONE, J., concurs in part and dissents in part with opinion.
STONE, Judge, concurring in part and dissenting in part.
I concur in all respects except that I would affirm the trial court's award of attorney's fees to the wife.