PER CURIAM.
The wife appeals a final judgment of dissolution. She complains that the trial court erred by failing to follow the requirements of section 61.075(3), Florida Statutes (1991), which requires the court to identify and value the assets of the marriage for purposes of equitable distribution. We agree and reverse. Without knowing what value the trial court assigned to the assets it found were marital assets, a meaningful evaluation of the equitable distribution plan devised by the trial court cannot be made. Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994).
We do not mean to suggest by our reversal that the trial court is required to value the assets which the parties withdrew from consideration by the trial court. Nevertheless, there are assets in the record on which testimony was taken that are not accounted for in the final judgment. These include the proceeds from the sale of certain properties, sales of which occurred only shortly before the institution of the dissolution proceedings, and a diamond ring. Whether or not these were marital assets at the date of the filing of the petition (or whether they exist at all), what value they have, and how they should be allocated are issues for the trial court. In addition, the joint bank accounts, mutual funds, and credit card debts were not valued.
We also note that on remand the trial court should clarify the finding of arrearage in temporary alimony. No judgment was entered against the husband on the finding, and the husband argues that this amount was, in effect, accounted for in the equitable distribution. If this was the trial court’s intent, then it should be stated in the final judgment. If not, then the wife would be entitled to a judgment for the amount of the arrearage.
We dismiss the husband’s challenge to the attorney’s fees award as it is not ripe for our consideration. Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981). As to the remaining issues, including the wife’s contention that the trial court erred in failing to award alimony, we affirm.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.