McNULTY, Judge.
This case presents the question of the continuation of alimony after the death of the husband. Appellant Madge Dennis was awarded $200 per month alimony, “. . . for the rest of her life or until she remarries . . .,” upon her divorce from John Shields in 1966. John Shields paid the sums ordered until his death on February 9, 1970, at which time payments ceased. It is stipulated that the deceased had never contested the alimony allowance and, further, that there was no express contract in writing between the parties providing for the payment of alimony beyond the death of the husband.
Madge’s guardian brought this action against John’s estate seeking to “enforce” the foregoing provision of the final decree *877 of divorce by requiring continued installments of alimony to be paid out of the estate. The trial judge denied the petition for continuation of alimony on the ground that “. . . the final decree of divorce did not provide that the alimony in the amount of $200 per month payable by the defendant to the plaintiff should be a charge upon his estate in the case of his demise. . . .” We reverse.
Preliminarily, we have no trouble in construing the alimony award in the divorce decree as providing for alimony payments after the death of the husband if the wife outlived him. The decree provided for alimony “for the rest of her life” and the only condition imposed was that she not remarry. In Johnson v. Every,[1] the term “until the death of the wife” used in connection with alimony meant that:
“. . . the husband’s estate remains liable for the obligation in the same manner as it is liable for any other legitimate obligation outstanding at the time of his death.”
But our inquiry cannot stop there. The more fundamental question is whether such an award is permissible in the absence of an agreement or stipulation. Appellee correctly points out that the pronouncements of our Supreme Court in Aldrich v. Aldrich,[2] clearly mandate that a trial judge is without authority to award alimony as a charge against the deceased ex-husband’s estate during the lifetime of the wife “unless the husband has stipulated or agreed that his estate may be so bound.”[3] Here, as in Aldrich, there was no prior express agreement between the parties that the estate would be bound.
Were this the sole teaching of Aldrich we would be required to affirm. However, Aldrich holds further that when the husband did not appeal from the decree, and had paid the amounts specified therein without question for many years, he had in effect consented to all its provisions respecting alimony. The decree thus became final and is “not now subject to collateral attack.”[4] The stipulated facts in this case bring it within this latter discipline of Aid-rich and we must, therefore, reverse.
Reversed.
HOBSON, A. C. J., concurs.
MANN, J., dissents.

. (Fla.1957), 93 So.2d 390, 392.

. (Fla.1964), 163 So.2d 276.

. Id. at p. 280.

. Id. at p. 284.