305 So.2d 16 (1974)
Donn F. FLIPSE, Appellant,
v.
Yadira FLIPSE, Appellee.
No. 74-316.
District Court of Appeal of Florida, Third District.
December 17, 1974.
Rehearing Denied January 10, 1975.
Noriega & Bartel and Paul J. Levine, Miami, for appellant.
Horton, Perse & Ginsberg, Jack Block, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This appeal is by the petitioner below from an order awarding counsel for the respondent, ex-wife, $17,500 as a reasonable attorney's fee.
Petitioner-appellant, Donn F. Flipse, filed a petition for dissolution of marriage and prayed therein for both temporary and permanent custody of the minor child. Respondent-appellee, Yadira Flipse, answered and counter-claimed for dissolution of marriage. In addition appellee also sought custody of the minor child. Subsequently the cause of action was tried and during the course of the trial a settlement agreement was reached between the parties and their respective counsel. Thereupon the chancellor entered a judgment dissolving the marital bonds between petitioner and respondent and reserved jurisdiction to award counsel for the respondent reasonable attorney's fees.
Thereafter, a hearing thereon was held at the conclusion of which the chancellor awarded the respondent-appellee's counsel *17 $17,500 as a fee for his services. Further, a lien was established in favor of respondent's counsel on petitioner-appellant's 614 shares of Exotic Gardens, Inc. stock and his 15 shares of Gulfstream Park Racing Ass'n, Inc. stock. The chancellor further ordered that petitioner be restrained from encumbering or disposing of said stock. This appeal followed.
Petitioner-appellant contends that the trial court erred in awarding counsel for respondent-appellee an attorney's fee of $17,500. We cannot agree.
It is fundamental that the amount of attorney's fees awarded pursuant to a dissolution of marriage action is a matter largely within the sound judicial discretion of the chancellor and in the absence of a showing of abuse of discretion as to the amount awarded, the appellate court will not substitute its judgment for that of the chancellor. See, 10A Fla.Jur. Dissolution of Marriage § 222 (1973) and cases cited therein. The record with regards to this issue reflects that at the hearing to determine the amount of attorney's fees counsel for respondent introduced evidence detailing all of the time which he devoted in preparation of this case and expert testimony as to a reasonable amount to be awarded as a fee ranged from $7,500 to $25,000. In addition, the petitioner-appellant admits that at times the litigation was intensive and involved a very real possibility of a heated custody battle. Thus, we conclude that there was substantial competent evidence to support the award of $17,500 as a reasonable attorney's fee in the instant case. However, since it affirmatively appears that petitioner earns a gross salary of $250.00 per week and does not have sufficient liquid assets to satisfy the award in one payment, we have decided that it would be more equitable to require the appellant to pay the attorney's fee in three equal annual installments.
Accordingly, the cause is remanded to modify the order awarding attorney's fees as to date of payments only, and as modified the order herein appealed is affirmed.
Affirmed as modified.
HENDRY, Judge (dissenting).
I respectfully dissent on the ground that the trial court's award of $17,500.00 attorney fees was excessive when viewed in the light of the appellant's financial ability to pay.