311 So.2d 387 (1975)
Robert W. BUNN, Appellant,
v.
Martha L. BUNN, Appellee.
No. 73-1054.
District Court of Appeal of Florida, Fourth District.
April 11, 1975.
*388 John M. Cain, Orlando, for appellant.
Robert B. White, Jr., Best & Sears, Orlando, for appellee.
OWEN, Chief Judge.
Satisfied to have their marriage dissolved, both parties complain of certain financial provisions of the final judgment of dissolution.
Married 22 years at the time of the final hearing in July, 1973, the parties had three sons, ages 20, 17 and 15. Appellee-wife, 46 years of age and permanently disabled, had been declared mentally incompetent. She lived with her father who had been appointed as her guardian. Her monthly expenses were estimated at $714. Her sole asset was an undivided one-half interest in the $57,000 marital home. Appellant-husband, 61 years of age, had not been gainfully employed since 1967 when he inherited approximately $450,000, of which only $71,000 remained at the time of final hearing. With an average annual income over the preceding four years of $7,400, his estimated monthly living expenses for himself and minor children were $1,500. Besides the remainder of his inheritance and his half interest in the marital home, he owned a commercial building with an equity of $25,000.
In addition to dissolving the marriage and granting custody of the minor children to the husband, the court made the following financial provisions: The wife was awarded periodic alimony of $400 per month until she dies or remarries or until further order of the court and lump sum alimony of $10,000; the wife was ordered to convey her interest in the marital home to the husband for which the husband was ordered to give the wife a note and mortgage in the principal amount of $28,500 at eight percent (8%) per annum payable at the rate of $250 per month; the husband was ordered to thereafter convey the marital home to a trustee so that should the husband predecease the wife and she then was still in need of alimony, a minimum of $25,000 would be available for the purpose of funding said periodic alimony; and finally, the husband was ordered to pay to the wife the sum of $1,900 for attorneys' fees and costs.
Neither party complains of the husband's purchase of the wife's interest in the marital home. Appellant complains of the award of periodic alimony, the award of lump sum alimony, and the requirement that he convey the marital home to a trustee. By cross appeal appellee complains of the court's failure to award her the full amount of her attorneys' fees.
As to the awards of alimony, both periodic and lump sum, we find no abuse of discretion and, subject to the clarification hereafter set forth, these provisions of the final judgment are approved and affirmed. There appears to be no question but that a consideration of the financial resources of the parties clearly demonstrates that the wife has a need and the husband has the ability to pay, especially considering the husband's capital assets in addition to his earning capacity. See: Platt v. Platt, Fla.App. 1958, 103 So.2d 253. While an award of lump sum alimony is generally not favored and should be made only in those instances where some special equities might require it or make it advisable, Yandell v. Yandell, Fla. 1949, 39 So.2d 554, there is evidence in this record to sustain a conclusion that the equities here do require it. While appellant might not be given to profligacy, he has clearly demonstrated the ability to deplete his assets at a fairly rapid pace, although, in fairness to him, it should be stated that the major portion of his losses occurred through stock market investments on the advice of another. Additionally, the record discloses that the court took into consideration the wife's state of health and the fact that, having required her to sell the home to the husband, she was left completely without assets to meet any unusual or unexpected medical expenses. Under the circumstances it has not been shown *389 that the court abused its discretion in awarding the lump sum alimony in addition to the periodic alimony.
The question of the duration of appellant's obligation for payment of periodic alimony is, however, another matter. The law in this jurisdiction is absolutely clear that an ex-husband's liability for alimony terminates with his death unless he assumes the obligation as one payable out of his estate after his death. Aldrich v. Aldrich, Fla. 1964, 163 So.2d 276; Johnson v. Every, Fla. 1957, 93 So.2d 390; Underwood v. Underwood, Fla. 1953, 64 So.2d 281; Allen v. Allen, 1933, 111 Fla. 733, 150 So. 237; Deigaard v. Deigaard, Fla.App. 1959, 114 So.2d 516. A court of equity has no authority, statutory or inherent, to order the continuation of alimony after the death of the husband absent his express agreement that his estate may be so bound. Aldrich v. Aldrich, supra. Such a provision in a final judgment is totally erroneous and voidable upon direct attack as here, even though it is not void so as to be reached by a collateral attack. Aldrich v. Aldrich, supra. In the case at bar there is no evidence that appellant husband expressly agreed that his obligation for periodic alimony payments would continue after his death and become an obligation payable out of his estate. Thus, to the extent that any provision of the final judgment seeks or attempts to impose a liability upon appellant husband for alimony payments to continue after his death and to become a charge payable out of his estate, the same is erroneous.
Appellee relies heavily upon the case of First National Bank in St. Petersburg v. Ford, Fla. 1973, 283 So.2d 342, as authority for the proposition that the principle of law enunciated in the Aldrich case has been modified so as to authorize the trial court to obligate the husband for alimony after his death under certain circumstances, even absent his express agreement. There is no question but that such language is found in the written opinion which accompanies the decision in the Ford case. That case, however is not authority for such proposition.
The bench and bar not infrequently fall into the error of accepting as binding precedent all of the views expressed in the written opinion of an appellate court. Necessarily, the views and decisions of an appellate court on issues which are properly raised and decided in disposing of the case are, unless reversed or modified by a higher court, binding on the lower court as the law of the case. Additionally, under the doctrine of stare decisis, an appellate court's decision on issues properly before it and decided in disposing of the case, are, until overruled by a subsequent case, binding as precedent on courts of lesser jurisdiction. But a purely gratuitious observation or remark made in pronouncing an opinion and which concerns some rule, principle or application of law not necessarily involved in the case or essential to its determination is obiter dictum, pure and simple. While such dictum may furnish insight into the philosophical views of the judge or the court, it has no precedential value. State ex rel. Biscayne Kennel Club v. Board of Business Regulation, Fla. 1973, 276 So.2d 823; State v. Florida State Improvement Commission, Fla. 1952, 60 So.2d 747; 8 Fla.Jur., Courts, § 168. The case relied upon by appellee, First National Bank in St. Petersburg v. Ford, supra, is authoritative only for two matters, namely, (1) that the decision of the Second District Court of Appeal in the case of Ford v. First National Bank in St. Petersburg, Fla.App. 1972, 260 So.2d 876, did not conflict, but rather was clearly in accord with Aldrich v. Aldrich, supra, and (2) there being no conflict between such decisions, the Supreme Court of Florida lacked jurisdiction under Article V, Section 3(b)(3), Florida Constitution, to consider or speak to the merits of the case. Having made the threshold determination that it lacked certiorari jurisdiction to review the merits of the case, the views subsequently expressed on the substantive issue of law involved in the Ford case were necessarily obiter dicta.
*390 In both the Aldrich case and the Ford case it was held that the award of periodic alimony after the death of the husband was erroneous but not void, and since in each case the husband had permitted the judgment to become final without a direct attack upon it and had subsequently acquiesced therein, the judgment was not subject to a collateral attack and therefore was binding upon the estate of the deceased husband. Of course, in the instant case, the husband has brought a timely direct attack against this provision of the judgment. Thus, the provision in the final judgment requiring the appellant to convey the marital home to a trustee, being solely for the purpose of securing payment of alimony after the husband's death, is erroneous and is quashed.
We also find that the appellee's cross appeal has merit and that the court erred in failing to award her attorneys' fees of $2,750. The award is therefore increased to such amount.
The judgment is modified to conform to the views herein expressed and, as thus modified, is affirmed.
WALDEN and CROSS, JJ., concur.