317 So.2d 460 (1975)
John O. ULBRICH, Appellant,
v.
Siegrid I. ULBRICH, Appellee.
No. 74-1658.
District Court of Appeal of Florida, Fourth District.
August 22, 1975.
*461 James W. Geiger, of Devitt, Geiger, O'Neal & Booth, P.A., Fort Lauderdale, for appellant.
Michael G. Widoff, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
The husband appeals from the monetary provisions of a final judgment of dissolution and the wife cross appeals from the award of attorney's fees.
Based upon this record the appellant has failed to demonstrate error except as to that portion of the judgment which provided that all periodic payments of alimony or child support shall be a charge against the husband's estate.
It has long been recognized in Florida that absent the consent of the party to be charged, the trial court is without authority to make periodic alimony payments a charge against his estate. Aldrich v. Aldrich, Fla. 1964, 163 So.2d 276. However, in First National Bank of St. Petersburg v. Ford, Fla. 1973, 283 So.2d 342, it appears the Supreme Court proposed to create an exception to the foregoing rule, the effect of which is that the trial court does have authority to make alimony provisions survive the death of the payor when there are factors present in the case which require that result in order to do equity and justice between the parties. The Third District Court of Appeal in Rouse v. Rouse, Fla. App. 1975, 313 So.2d 458, opinion filed May 27, 1975, seems to have so interpreted the Ford case. However, in Bunn v. Bunn, Fla.App. 1975, 311 So.2d 387, this court after a detailed analysis of the Ford opinion concluded that the references to a modification of the Aldrich rule were obiter dictum and not binding precedent and thus declined to follow that apparent holding. While it appears to the writer that the Supreme Court intended the Ford opinion to constitute a modification of the Aldrich rule, whether dictum or not, this court has already taken a contrary position. Therefore, consistency requires that we adhere to the position set forth in Bunn.
Accordingly, upon remand the trial court is directed to delete from the final judgment the provision making all periodic payments contained therein a charge against the appellant's estate.
We find no error in the requirement that child support continue until the child reaches 18 years of age or finishes high school, whichever is later. However, on remand, we think the provision should be amended to provide that said obligation does not extend beyond the child's 21st birthday (absent of course mental or physical deficiencies rendering him unable to support himself) in accordance with Finn v. Finn, Fla. 1975, 312 So.2d 726, and Briggs v. Briggs, Fla.App. 1975, 312 So.2d 762.
Affirmed in part and reversed in part and remanded with directions.
WALDEN, C.J., and CROSS, J., concur.