323 So.2d 583 (1975)
Jeanette England COLLINS, Appellant,
v.
Robert Stanton COLLINS, Appellee.
No. 74-1456.
District Court of Appeal of Florida, Third District.
November 4, 1975.
Rehearing Denied January 12, 1976.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellant.
Koeppel, Stark, Marks & Newmark, Miami, for appellee.
Before BARDKULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Petitioner-appellant seeks review of the alimony and child support awards entered pursuant to a dissolution of marriage judgment.
After three stormy years of marriage, Jeanette Collins petitioned for dissolution of marriage. A final judgment severing the marital ties to her husband Robert Collins was entered, and Jeanette was awarded as lump sum alimony "that certain 1971 Cadillac Eldorado convertible, free and clear of any and all encumbrances," $60 per week as support for the minor child born of the marriage, and was directed to vacate the marital residence within 14 days of the date of the judgment.
Appellant first contends the chancellor abused his discretion in awarding only the Cadillac as alimony. We find this point well taken.
Even though Florida has adopted the no-fault divorce concept, the guidelines in determining the amount of alimony are the needs of the wife, the financial ability of the husband, and the standard of living *584 established by the parties during the marriage. Royal v. Royal, Fla.App. 1972, 263 So.2d 277 and cases cited therein. Further, the very heart of an alimony award is and always has been the need of the demanding spouse for support and the ability of the other spouse to respond. Thigpen v. Thigpen, Fla.App. 1973, 277 So.2d 583.
There is no question as to the ability of Robert Collins, a successful businessman, to make alimony payments, the lavish standard of living established by the parties during their marriage, and the needs and expressed desire of the appellant to rehabilitate herself by returning to college. Accordingly, we have determined that Jeanette Collins should be awarded $500 per month as rehabilitative alimony for a period of two years commencing with the issuance of the mandate of this court.
As to appellant's remaining points on appeal, we conclude that no abuse of discretion and no reversible error has been made to appear.
The judgment is affirmed in part, reversed in part and remanded for entry of an amended judgment as prescribed hereinabove.