335 So.2d 321 (1976)
Edward F. GORDON, Appellant,
v.
Jeri Lee GORDON, Appellee.
Edwin F. GORDON, Appellant,
v.
Jeri Lee GORDON, Appellee.
Nos. 75-683, 75-684.
District Court of Appeal of Florida, Fourth District.
May 21, 1976.
Rehearing Denied August 10, 1976.
*322 Bruno L. Di Giulian of Di Giulian, Spellacy, Bernstein, Lyons & Sanders, Fort Lauderdale, for appellant.
Stuart & Walker, Fort Lauderdale, and Larry Klein, West Palm Beach, for appellee.
MAGER, Judge.
Upon examination of the briefs and record on appeal and upon due consideration of the oral argument we are of the opinion that the award of "periodic" alimony in the sum of $1,000 per week for a period of 521 weeks was, under the totality of the circumstances of this case, an abuse of discretion.[1]
It should be recognized that the new concept of the marriage relation as reflected by the so called "no-fault" divorce law and illustrated by rehabilitative alimony have not completely abrogated the time-honored concept of periodic alimony. Brown v. Brown, 300 So.2d 719 (Fla.App. 1st 1974); Herbert v. Herbert, 304 So.2d 465 (Fla.App.4th 1974); see also Collins v. Collins, 323 So.2d 583 (Fla.App.3d 1975). But, regardless of nomenclature or semantics, any award must be based upon traditional considerations of need and ability. Collins v. Collins, supra.
In determining the nature and amount of the award due consideration must be given "the value of the parties' estates, the parties' earning ability, age, health, station in life, duration of marriage, conduct of the parties, prior marriages, and relative responsibilities as to other dependents who have claims on the husband for sustenance or education." See Gordon v. Gordon, 192 So.2d 514 (Fla. App.1st 1966). See also McRee v. McRee, 267 So.2d 21 (Fla.App.4th 1972). In considering some of the factors bearing upon the needs of the wife such as the relatively short duration of the marriage (sixteen months), the age of the wife (thirty-three years), her good health and employment capabilities, we find inadequate support for an alimony award of $521,000 either under the "new" or "old" concepts; moreover, the standard of living established by the parties during the (brief) marriage does not serve to bolster such an award.
The husband's ability to pay (as reflected by an estimated net worth of $13,000,000) is unassailable; likewise irrefutable are the needs of the wife, cf. footnote 1. But there is not necessarily an ordained equality between these two factors, i.e. the enormity of the ability to pay does not dictate a corresponding need to receive an amount commensurate with such ability to pay.[2] Other factors, some of which have been previously mentioned, cannot be overlooked and must be taken into consideration in ascertaining a spouse's needs. See Cummings v. Cummings, 330 So.2d 134 (Fla. opinion filed March 31, 1976).
We are not unmindful of the difficult task that often befalls the trial court in its endeavor to effectively correlate the respective spouses' needs and abilities. There are no exactitudes by which the need or ability factors can be precisely gauged because the marital circumstance in and of itself is wrought with variables and *323 imprecision. From our evaluation of the appellate record we would respectfully observe that under the particular facts and circumstances of this case there was an abuse of discretion in the amount of the alimony award.
We find no abuse of discretion in the other awards made by the trial court,[3] except that the provision making child support payments binding upon the estate of the husband is improper and should be deleted. See Ulbrich v. Ulbrich, 317 So.2d 460 (Fla.App.4th 1975). Accordingly, the cause is remanded for reconsideration of the propriety of the award of alimony in accordance with the views expressed herein and for such other proceedings as are consistent herewith.
Inasmuch as the amount of the alimony award is to be remanded to the trial court it is unnecessary to resolve the issue of whether the alimony award was intended to be periodic or lump sum. It would seem helpful during the trial court's further consideration to clarify the exact nature of the alimony award inasmuch as the liability for periodic alimony terminates upon death unless the obligation is assumed as one payable out of the estate after death, see Bunn v. Bunn, 311 So.2d 387 (Fla.App.4th 1975); Ulbrich v. Ulbrich, supra; cf. Spears v. Spears, 148 So.2d 564 (Fla.App.1st 1963), whereas a lump sum award becomes fixed under the final decree of dissolution the liability for which would not terminate upon death of the husband. See Keller v. Belcher, 256 So.2d 561 (Fla.App.3d 1972); see also Horne v. Horne, 289 So.2d 39 (Fla.App.2d 1974).
AFFIRMED, in part; REVERSED, in part, with directions.
CROSS, J., concurs.
TROWBRIDGE, C. PFEIFFER, Associate Judge, concurs in part, dissents in part.
TROWBRIDGE, C. PFEIFFER, Associate Judge (concurring in part, dissenting in part).
I concur that the award of alimony in this case was so gross as to constitute an abuse of judicial discretion that is properly reversed on appeal. Regardless of the husband's acknowledged ability to pay, the evidence fails utterly to support the wife's claimed need for so much money. Such a judgment makes a mockery of both the "no-fault" dissolution law and of justice for male divorcees in general.
My concern that leads to a separate opinion is the basic principle of law set forth in King v. King, 271 So.2d 159, at page 160 (Fla.App.1st 1973):
"It is well-settled that matters of alimony, child support and other monetary considerations lie within the sound judicial discretion of the trial judge, based upon the evidence presented before him and due consideration of the needs of the recipients and the extent of the obligor's ability to meet these needs. Such awards will not be disturbed by the appellate courts unless they represent an abuse of judicial discretion or are patently erroneous on the record. The appellant carries the responsibility of clearly demonstrating such error." (Emphasis added)
The Supreme Court recently reemphasized this problem in Crain & Crouse, Inc. v. Palm Bay Towers Corp., 326 So.2d 182 (1976), where it reversed a District Court *324 for reweighing the evidence and substituting its judgment for that of the trial court.
Our action here today, however, is based upon both an absence of evidence to support the award as well as an appellate determination that judicial discretion below has been abused.
In all fairness to the trial judge, I do not think the case should be remanded for reconsideration without giving the judge below some guidelines as to what we would affirm. It can be presumed that he was aware of the general law which we cite and believed that his award of alimony comported with it. In my opinion an award of periodic rehabilitative alimony substantially equivalent to that in the temporary support order of September 26, 1974, would be supported by the evidence and within judicial discretion.
I would also reverse the award of $35,000.00 attorneys fees for the simple reason that it was in part based upon the excessive results her attorney achieved in the trial court but which we reverse here today.
NOTES
[1] The final judgment reflects an award of $750 per month for the minor child born during the marriage; a direction to deliver to the wife title to a 1973 Cadillac automobile in possession of the wife; and a direction to the husband to relinquish any interest in a 14-piece set of matched luggage all of which matters are not disputed by the parties in this appeal.
[2] As the Supreme Court aptly observed in Kahn v. Kahn, 78 So.2d 367, 368 (Fla. 1955): "We do not construe the marriage status, once achieved, as conferring on the former wife of a ship-wrecked marriage the right to live a life of veritable ease with no effort and little incentive on her part to apply such talent as she may possess to making her own way... ."
[3] In particular, we find no error in the additional child support award requiring the husband to pay all medical, dental and orthodontic expenses incurred until the minor reaches his majority or is otherwise emanicipated; nor do we find error in the award of attorney's fees.