333 So.2d 120 (1976)
Muriel GOLDMAN, Appellant,
v.
Joel Lewis GOLDMAN, Appellee.
No. X-341.
District Court of Appeal of Florida, First District.
May 24, 1976.
Rehearing Denied July 2, 1976.
*121 Lacy Mahon, Jr., of Mahon, Farley & Vickers, Jacksonville, for appellant.
Arthur J. Gutman, Jacksonville, for appellee.
RAWLS, Judge.
In this dissolution of marriage proceeding, the sole point on appeal posed by appellant-wife is:
"That the trial court abused its discretion in entering a final judgment of disolution of marriage denying the wife lump sum alimony sufficient to compensate the wife for her contribution to the marriage."
We agree and reverse.
The parties were married for nineteen years, and there was no testimony as to either party possessing any material assets at the time the marriage venture was launched in 1955. The wife was employed as a file clerk for less than a year after the marriage, and then it appears that the wife was engaged in bearing three children (ages 17, 16 and 14 at the time of the dissolution) and devoting her time to rearing her children and performing the responsibilities of a housewife.[1] In 1972, for approximately seven months, the wife arranged fashion shows from which she netted $1,000.00. Other than the foregoing, the wife had no work experience outside the marital home. A few years prior to the dissolution, the wife inherited approximately $17,000.00 from her deceased parents; the bulk of same having been expended by her in improving the marital home. The wife has recently acquired a bachelor's degree in psychology and is pursuing graduate studies.
The husband, appellee, is a successful attorney, and during the nineteen years of marriage accumulated substantial material assets. At the time of the dissolution, the husband was enjoying a net yearly income of $28,000.00 and had a total net worth of $93,050.00.
By its final judgment, the trial court granted the wife: 1) exclusive possession of the marital home which the parties owned by an estate by the entirety, and requiring the husband to pay the monthly mortgage payment, taxes and insurance thereon; 2) rehabilitative alimony in the sum of $350.00 per month for a period of 36 months; and 3) a 1973 Buick automobile which the wife values at $2,500.00. Computation of the material assets of the wife (not including the outstanding mortgage on the marital home which the husband is paying) reflects a net worth on her part of $47,200.00. The husband's net worth (after deducting the mortgage on the marital home of $11,000.00, which he is paying), consisting primarily of liquid assets, is $93,050.00.
It is our conclusion that, pursuant to this court's opinion in Brown v. Brown,[2] the wife has been shortchanged. The husband is entering his most productive years, while the wife has devoted her time during the marital years to being a housewife rather than pursuing and acquiring material goods.
*122 The cause is reversed and remanded with directions that the trial court award to the wife lump sum alimony.
REVERSED.
SMITH, J., concurs.
BOYER, C.J., specially concurs.
BOYER, Chief Judge (specially concurring).
I agree that adherence to the time honored doctrine of stare decises requires application of the rule announced by the majority in Brown v. Brown, Fla.App.1st 1974, 300 So.2d 719, thus in turn requiring reversal.
NOTES
[1] The wife testified: "I do everything in the house. I do all  I do my housework. I cook and I clean and I run the children on all their errands and whatever has to be done. I do it."
[2] Brown v. Brown, 300 So.2d 719 (Fla.App. 1st 1974).