339 So.2d 674 (1976)
Clair KRASNER, Appellant,
v.
Bernard KRASNER, Appellee.
No. 74-1346.
District Court of Appeal of Florida, Third District.
November 16, 1976.
Rehearing Denied December 15, 1976.
Heller & Kaplan, Miami, for appellant.
Sibley, Giblin, Levenson & Ward, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This appeal by the respondent wife and the cross appeal by the petitioner husband bring before us for review the award of alimony, child support and attorneys fees which were rendered as part of a final judgment of dissolution of marriage between the parties.
The salient portions of the final judgment provided that the husband pay to the wife $50,000 as lump sum alimony, $75.00 a week for the support of a minor child, $1,000 a month as periodic alimony, to be "payable from the estate of the Petitioner should he predecease the Respondent and she be unmarried at that time," and $48,000 as a combined attorneys' fee for the legal services provided to the wife by her two successive attorneys.
The wife contends that the award of alimony and child support is inadequate and that the attorneys' fees awarded are insufficient to compensate for the work done by her last attorney.
The husband contends that the amount of periodic alimony and child support was proper; that the court erred in awarding permanent rather than rehabilitative alimony; *675 that it was error to charge the husband's estate with the permanent alimony payable after his death absent an agreement by the husband; that the lump sum alimony award was improper and the attorneys' fees excessive.
A lengthy review of the testimony elicited from the parties and their witnesses would serve no useful purpose. The trial court found that the husband is presently earning $25,000 per year and is capable of earning greater income from his medical practice. While the testimony was conflicting, the husband has assets which are worth between $776,000 and close to $3,000,000.
From our examination of the record, we find substantial competent evidence to support and justify the award of permanent periodic and lump sum alimony. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Goldman v. Goldman, 333 So.2d 120 (Fla. 1st DCA 1976). In Shaw, supra, the Supreme Court explicated that:
"It is clear that the function of the trial court is to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses appearing in the cause. It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test ... is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court's right to reject `inherently incredible and improbable testimony or evidence,' it is not the prerogative of an appellate court, upon a de novo consideration of the record, to substitute its judgment for that of the trial court." (Footnote omitted.)
We next consider the husband's contention that it was error to extend alimony beyond the death of the husband by making the alimony payable from his estate should he predecease his wife, assuming that she is unmarried at that time. In Rouse v. Rouse, 313 So.2d 458 (Fla. 3rd DCA 1975), this court followed the Florida Supreme Court's holding that the Florida no-fault divorce law now permits a trial court to provide for alimony payments from the estate of the former husband in certain circumstances, absent an express agreement.[1]
In the instant case, the wife is 47 years of age. She has a partially disabled left arm, causing a 35% disability to the upper left extremity, although she is capable of doing her work as a nurse to some extent. Considering the relative financial condition of the parties and the marriage of some twenty years, we are of the opinion that the trial court did not commit reversible error in making alimony payments chargeable against the estate of the husband upon his decease.
Both parties urge error as to the amount of fees for the wife's second attorney. The amount of attorney's fees awarded pursuant to a dissolution of marriage action is a matter largely within the trial judge's discretion; in the absence of a showing of an abuse of discretion as to the amount awarded, the appellate court will not substitute its judgment for that of the trial court. See Flipse v. Flipse, 305 So.2d 16 (Fla. 3rd DCA 1974). Testimony was taken as to the time and effort expended in the preparation and trial of this case, and expert testimony adduced as to the value thereof ranged from $15,000 to $75,000. Considering the record, we find that there was substantial competent evidence to support the award of attorney's fees.
Affirmed.
NOTES
[1] First National Bank of St. Petersburg v. Ford, 283 So.2d 342 (Fla. 1973).