McNULTY, Acting Chief Judge.
In this appeal from a dissolution of marriage judgment appellant/husband challenges the award of the marital home to appellee/wife as lump-sum alimony and also the award of periodic alimony to the wife. By cross-assignments of error, ap-pellee/wife attacks the refusal of the trial court to find a special equity in the wife in the husband’s interest in the jointly-owned marital home and in certain jointly-owned bonds. We affirm the trial court as to its refusal to find a special equity in favor of the wife in the aforesaid properties, but we reverse the trial court’s awards of lump-sum and periodic alimony and remand for further proceedings on the issue of alimony.
This case has a somewhat unusual though not necessarily an untoward procedural history. Appellant/husband filed a petition for dissolution of marriage, and ap-pellee/wife filed an answer and counterpet-ition. The wife’s counterpetition contained no specific prayer for alimony, although it did contain prayers, inter alia, that the wife be awarded sole title to the jointly-owned marital home, special equities in various items of persona] property, either owned jointly or in the sole name of the husband, and payment of child support for the minor child of the parties.
Subsequently, this cause came for final hearing and at the opening thereof counsel for the husband announced for the record several stipulations of the parties which are not material to this discussion. The court interjected questions, to which counsel for the wife responded, and then the husband’s attorney stated, “No prayer for alimony. So the only issue is special equity and custody and child support.” The wife’s attorney did not respond to this statement, neither indicating agreement nor voicing any objection thereto.
The final hearing then proceeded to its conclusion, whereupon the trial court stated that he found no special equity in favor of the wife in the marital home (valued at approximately $25,000). Further, he indicated that he would award the husband’s half interest in the jointly-owned marital home to the wife as lump-sum alimony, as well as periodic alimony of $150 monthly and also certain child support. Counsel for the husband at once objected that the wife had not prayed for periodic or lump-sum alimony, to which the trial court responded that “the equities are with her and the court is awarding her these.”
Thereafter, the wife filed a motion to amend the pleadings to conform to the evidence, pursuant to Fla.R.Civ.P. 1.190(b), to include a specific request for alimony. The husband filed a motion to strike the wife’s motion to amend the pleadings, asserting that the parties had stipulated that alimony *1157 was not an issue herein. The trial court granted the wife’s motion and allowed amendment to her pleadings to include specific requests for periodic and lump-sum alimony. The court then entered final judgment dissolving the marriage and made the above-mentioned alimony awards to the wife.
Considering the procedural history of this case in conjunction with the evidence presented at the final hearing, we are of the view that the determination of this question is controlled by Fla.R.Civ.P. 1.190(b) which provides in part:
. .If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.” (Emphasis added.)
The very terms of the above-quoted rule provide that amendments to the pleadings should be freely granted; and numerous cases have held that great liberality should be allowed whenever a party seeks to amend his pleading.[1] Moreover, it appears well settled that the trial court’s decision to allow an amendment to the pleadings will not be disturbed on appeal in the absence of a demonstrated abuse of discretion.[2] We see no abuse shown here. Accordingly, it is our view that the trial court acted correctly in allowing the amendment.
Additionally, we are not convinced by the husband’s argument that the purported stipulation of the parties had precluded consideration of the issue of alimony. The purported stipulation was made by pa-rol before the court and promptly made a part of the record. Thus, it meets the requirements of Fla.R.Civ.P. 1.030(d), regarding parol agreements. However, even if we assume arguendo that the stipulation is a valid one, the substance of the stipulation added nothing to the mere fact, discussed above, that the original counterpetition of the wife contained no specific prayer for alimony. The stipulation, then, in no way serves to alter the propriety of the trial court’s subsequent discretionary decision to allow the wife to amend her pleadings.
In light of the procedural posture of this ease regarding the issue of alimony, the husband may understandably have been misled on the issue and was undoubtedly denied the opportunity to explore the wife’s resources insofar as they may bear on her need for, and thus entitlement to, alimony at all or, if so, in what amounts and form. A hearing should be held on this. Thus, we reverse the portion of the final judgment awarding lump-sum and periodic alimony to the wife and remand for such a hearing.
In view whereof, the judgment appealed from should be, and it is hereby, affirmed in part; reversed in part; and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES and SCHEB, JJ., concur.

. See, e. g., Gull Construction Company v. Hendrie, 271 So.2d 775 (Fla.2d DCA 1973); Robbins v. Grace, 103 So.2d 658 (Fla.2d DCA 1958).

. See McSwiggan v. Edson, 186 So.2d 13 (Fla.1966); Houston Texas Gas & Oil Corporation v. Hoeffner, 132 So.2d 38 (Fla.2d DCA 1961).