382 So.2d 117 (1980)
Frances GROBARD, Appellant,
v.
Alexander GROBARD, Appellee.
No. 79-1594.
District Court of Appeal of Florida, Third District.
April 1, 1980.
Nelson & Feldman and Theodore R. Nelson, Miami, for appellant.
Eugene J. Weiss and David Feldman, Miami Beach, for appellee.
Before SCHWARTZ and NESBITT, JJ., and CHARLES A. CARROLL (Ret.), Associate Judge.
NESBITT, Judge.
The wife appeals from a final judgment of dissolution denying her lump sum alimony. To ensure the wife's continued receipt *118 of an award of periodic alimony, the court reserved jurisdiction to impose a charging lien against the husband's estate upon his demise. We find that the charging lien will not become effective and therefore determine that this deficiency requires the judgment be reversed and the case be remanded to the trial court for determination of lump sum alimony in favor of the wife.
The husband has not cross-appealed from any of the provisions of the final judgment.
This was a childless marriage of some eighteen years. The husband was seventy-four years of age and in good health at the time of the final dissolution. He had an annual income of $25,000 in addition to social security benefits. His net worth is approximately $400,000.
The wife is in her mid-fifties and is employed as a legal secretary on a part-time basis from which she realizes about $4,000 annually. Additionally, she earns $156 per week from rental income. Her net worth is relatively insignificant.
The final judgment awarded the wife a life estate in the marital home and $50 per week in permanent periodic alimony together with the reservation to determine and award her counsel fees and taxable costs. Recognizing the need of the wife to continue to receive payments for her support, the trial court, in its final judgment, retained jurisdiction to determine whether permanent periodic payments should become a charging lien against the husband's estate in the event of his demise. The trial court based such a reservation upon the case of Ford v. First National Bank in St. Petersburg, 260 So.2d 876 (Fla. 2d DCA 1972), cert. discharged 283 So.2d 342 (Fla. 1973).
In Ford v. First National Bank in St. Petersburg, supra, the charging lien was imposed against the husband's estate at the time of the entry of the final judgment. There are several reasons why the provision purporting to create a charging lien in this case is ineffective. In the first instance, the husband may divest himself of his interests prior to imposition of the charging lien which would not take effect until the time of his death. Secondly, by statute, title to his property, both real and personal, will vest, either testate[1] or intestate,[2] upon the husband's death, in his heirs or devisees. The effect of this is that the intention of the court and the purpose in reserving jurisdiction will be defeated in that there will be no property titled in the husband's name against which a charging lien may be imposed.
Section 61.08, Florida Statutes (1979) authorizes alimony in the form of lump sum or periodic or both, the award of which rests within the sound discretion of the trial court. Linares v. Linares, 292 So.2d 63 (Fla. 3d DCA 1974). In this case, an award of lump sum alimony will not impair the husband's economic status. Bradley v. Bradley, 327 So.2d 253 (Fla. 4th DCA 1976).
We consider the wife's appeal from the denial of lump sum alimony meritorious because we are persuaded that it was the intention of the trial court to protect the wife's future needs through a charging lien which, in this case, is ineffective. An award of lump sum alimony will provide an effective substitute for a charging lien.
Accordingly, the judgment appealed from is affirmed except as it denied the wife's lump sum alimony. On remand, the trial court is authorized to determine the amount, time and mode of payment of lump sum alimony to which the wife is entitled.
Affirmed in part, reversed in part.
NOTES
[1] Section 732.514, Florida Statutes (1979) provides that:

"The death of the testator is the event that vests the right to devises unless the testator in his will has provided that some other event must happen before a devise shall vest." Section 731.201(8), Florida Statutes (1979) defines the term "devise" to mean "a testamentary disposition of real or personal property... ."
[2] Section 732.101(2), Florida Statutes (1979) provides that:

"The decedent's death is the event that vests the heirs' right to intestate property." Section 731.201(28), Florida Statutes (1979) defines the term "property" to mean "both real and personal property or any interest in it and anything that may be the subject of ownership."