PER CURIAM.
No abuse of discretion has been demonstrated by either party in the trial court’s determinations (a) awarding two years of rehabilitative, rather than permanent alimony;[1] (b) as to the amount of that alimony; (c) denying the wife’s claim to a “special equity” in the husband’s interest in the marital home; (d) fixing the amount of the wife’s attorney’s fees and ordering that the husband pay one-half of that sum and (e) allocating responsibility between the parties for the expenses of a child psychologist. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Ingram v. Ingram, 379 So.2d 955 (Fla.1980); Rosenberg v. Rosenberg, 371 So.2d 672 (Fla.1979), adopting dissenting opinion, 352 So.3d 867 (Fla.3d DCA 1977); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Ball v. Ball, 335 So.2d 5 (Fla.1976); Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Creel v. Creel, 378 So.2d 1251 (Fla.3d DCA 1979). The final judgment and the post-final judgment orders under review are therefore
Affirmed.

. We specifically note that this provision is subject to modification upon a timely and proper showing under Section 61.14, Florida Statutes (1979). Cantor v. Cantor, 306 So.2d 596 (Fla.2d DCA 1975).