PER CURIAM.
In 1971, at the age of 60 years, the appellant, a bachelor journeyed to Czechoslovakia and induced the appellee, who was then 36 years of age, to marry him and come to this country. The appellee gave up a well-paying job, sold her condominium apartment, liquidated her assets and was required to reimburse the Communist State for her education before she was permitted to leave Czechoslovakia.
The parties resided in Miami. A dissolution proceeding was commenced in the trial court wherein the wife waived any claim to the residence owned by the husband in which they had resided. Among other things, the final judgment of dissolution awarded the wife $75,000.00 as lum sum alimony, 5 years rehabilitative alimony and an attorney’s fee.
The appellant urges error in these awards, contending that lump sum alimony can only be awarded out of assets accumulated during the marriage, Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), and that the period of time for rehabilitative alimony was too long and that the amount of attorney’s fee were excessive. We affirm. Lump sum alimony has been recognized as an appropriate award in this state for many years and may be awarded out of the personal estate of the husband. Yandell v. Yandell, 39 So.2d 554 (Fla.1949); Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980); Nusbaum v. Nusbaum, 386 So.2d 1294 (Fla. 4th DCA 1980); Grobard v. Grobard, 382 So.2d 117 (Fla. 3d DCA 1980). Lump sum alimony may also be awarded to the wife to make an equitable distribution of assets accumulated during the marriage. Canakaris v. Canakaris, supra.
No abuse of discretion has been shown in providing 5 years of rehabilitative alimony. The wife was not fluent in English. An interpreter was required during the hearings in the trial court. She needs to learn the English language and to acquire a skill to enable her to enter the job market at approximately 50 years of age. McLean v. McLean, 384 So.2d 915 (Fla. 3d DCA 1980); Canakaris v. Canakaris, supra; Moses v. Moses, 344 So.2d 1322 (Fla. 2d DCA 1977); Goldberg v. Goldberg, 327 So.2d 828 (Fla. 3d DCA 1976).
The award of attorney’s fee was within the range of the evidence and there has been no error shown in this regard. Krasner v. Krasner, 339 So.2d 674 (Fla. 3d DCA 1976); Flipse v. Flipse, 305 So.2d 16 (Fla. 3d DCA 1974).
Therefore the amended final judgment of dissolution of marriage be and the same is hereby affirmed.
Affirmed.