449 So.2d 909 (1984)
Nury AGUDO, Appellant,
v.
Marcelo M. AGUDO, Appellee.
Nos. 83-924, 83-1427.
District Court of Appeal of Florida, Third District.
April 24, 1984.
Rehearing Denied May 30, 1984.
*910 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Ted H. Bartelstone and Paul Louis, Miami, for appellant.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
BARKDULL, Judge.
Following the opinion and decision reported as Agudo v. Agudo, 411 So.2d 249 (Fla. 3d DCA 1982), and a short unsuccessful attempted reconciliation by the parties, the matter reoccurred in the trial court. After final hearing, the trial court entered a final judgment of dissolution finding and adjudicating, among other things, the following: that the husband had a special equity in the wife's one-half of the marital residence, ordered rehabilitative alimony of $200 a week for a one-year period, ordered $150 a week as child support for one year with an automatic increase to $200 a week thereafter for the minor child of the parties, plus additional funds for nursery and private school,[1] and denied a motion to strike the wife's claim for attorney's fees and costs and determined that fees would be fixed at a time subsequent to the entry of the final judgment.
The wife appeals under clerk's file number 83-924 and contends that the court erred in awarding the special equity and in limiting the rehabilitative alimony to a one-year period. In this appeal the husband has filed a cross-appeal as to the automatic increase in the child support and the wife's entitlement to attorney's fees. No complaint is made as to the reasonableness of the fee awarded. After the trial court awarded attorney's fees and costs the husband appealed this post-final judgment under clerk's file number 83-1427. These appeals were consolidated for argument and both will be disposed of by this opinion and decision.
As to the special equity, the evidence is undisputed that all the funds to purchase this home came from the proceeds of a sale of a home owned by the husband prior to the marriage. The husband testified that title was put in both names for probate purposes and not with the intention to create a gift. The wife offered no testimony, beyond the fact that the deed was in both names, to meet her burden to establish a gift. Therefore we find no error in the trial judge awarding the husband the entire house, which was purchased entirely with his premarital assets. Ball v. Ball, 335 So.2d 5 (Fla. 1976).[2] As to the length of the rehabilitative alimony, this was a marriage of short duration, approximately one-half of the time of the marriage the parties were involved in the litigation which resulted in the dissolution. The wife is a healthy, young woman with approximately one and one-half years of college education, had prior work experience, *911 holds a real-estate license and has evidenced a desire to work. Coupling all this with the husband's responsibility to pay for nursery care and private schooling in order that the child will have proper supervision when the mother is gainfully employed, we find no error in the trial court's ruling limiting the time for rehabilitative alimony. No complaint is made as to the reasonableness of the award. Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983); McLean v. McLean, 384 So.2d 915 (Fla. 3d DCA 1980).
We cannot say on this record that the automatic increase in child support from $150 a week to $200 a week at the time of the expiration of the wife's rehabilitative alimony, to wit: 12 months, is erroneous. The husband claims such an automatic increase provision is error under the reasoning contained in Ramsey v. Ramsey, 431 So.2d 258 (Fla. 2d DCA 1983); Kangas v. Kangas, 420 So.2d 115 (Fla. 2d DCA 1982); Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980); Stoler v. Stoler, 376 So.2d 253 (Fla. 3d DCA 1979). We would distinguish this case from the cited authorities because the trial judge herein has now made the determination of the increase for this child of tender years on the record then before him, whereas in the cited authorities, the increase was subject to future factors that were not then present before the trial court i.e. the future cost of living index. It is possible that automatic increases of child support several years in the future may in fact be erroneous, but we do not find the automatic increase provided for 12 months after the initial award to be error.
Turning to the entitlement to attorney's fees, no claim for same was contained in the original complaint filed by the wife, however, the wife filed a motion for fees some 24 days after the institution of suit. She was awarded temporary attorney's fees. Her counsel always sought fees in appearances before the court when appropriate, it was made clear on the onset of the final hearing that the wife was claiming attorney's fees and after the evidence was admitted it was undisputed that the wife had either next to none or minimal assets and that the husband had at least a $50,000 a year income. The wife moved ore tenus to amend her complaint to pray for attorney's fees in conformity with the undisputed evidence. This ore tenus motion was followed by a written motion to the same effect. It was these motions which the trial court refused to strike in the final judgment, wherein he held that the wife was entitled to fees. Assuming, without conceding, that there was no notice of a claim for attorney's fees prior to the beginning of the final hearing, it is clear that the trial court did not abuse its discretion in allowing the amendment to conform to the proof and in refusing to strike the demand for fees and costs. Haight v. Haight, 350 So.2d 1155 (Fla. 2d DCA 1977).
Therefore for the reasons above stated the rulings complained of in appeal and cross-appeal 83-924 be and the same are hereby affirmed and the ruling complained of in 83-1427 be and the same is hereby affirmed.
Affirmed.
NOTES
[1] "The Husband shall pay for NURY RAQUEL'S day care or private school so long as its costs are within the Husband's ability to pay. The parties shall agree as to the school which the child shall attend."
[2] In Ball v. Ball, supra, in dealing with the question of presumption of a gift in situations like the instant case, it is stated,

"... Consistent with prior decisional law, however, we hold that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship.[7] In these cases the property should be awarded to that spouse, as if the tenancy were created solely for survivorship purposes during coverture, in the absence of contradictory evidence that a gift was intended."
* * * * * *